U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 JAN 31 AM 11: 35

CLERK
BY ᴾᶜ
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JAMES E. HICKS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:12-cv-188 |
| | ) |
| STATE OF VERMONT, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
(Docs. 1, 8, 14 and 16)

This matter came before the court for a review of the Magistrate Judge's January 3, 2013 Report and Recommendation ("R & R"). Defendant has filed a petition for a writ of habeas corpus. (Doc. 1) Defendant opposes the petition stating that Plaintiff has failed to exhaust his state remedies for claims that were not raised in state court, and has filed a motion for summary dismissal. (Doc. 8) Plaintiff has also filed a Motion to Appoint Counsel. (Doc. 14) Neither party has objected to the R & R, and the deadline for doing so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140,

150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

In his nineteen page R & R, the Magistrate Judge carefully reviewed the factual record and the motions before the court and determined that the Defendant's motion for summary dismissal should be granted with regard to Plaintiff's petition for a writ of habeas corpus. The Magistrate Judge observed that Plaintiff had presented a "mixed petition" containing claims for which 28 U.S.C. § 2254(b)(1)(A)'s exhaustion requirements have been met and claims for which they had not. *See Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (in order to satisfy the requirement of exhaustion as a condition to habeas corpus relief, "a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal court to the highest court of the pertinent state."). The Magistrate Judge concluded that Plaintiff had not identified an exception to the exhaustion rule that applied in this case. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (The "total exhaustion" rule requires that "a district court . . . dismiss habeas petitions containing unexhausted and exhausted claims."); *Zarvela v. Artuz*, 254 F.3d 374, 379 (2d Cir. 2001) (ruling that "a habeas court cannot proceed to adjudicate a mixed petition"). Accordingly, the Magistrate Judge recommended that Plaintiff's petition for a writ of habeas corpus be dismissed and concluded that a "stay and abeyance" was not warranted. The Magistrate Judge also recommended the court deny Plaintiff's request for counsel on mootness grounds. Finally, the Magistrate Judge offered Plaintiff several suggestions as to how to proceed in the future which the court does not adopt as they exceed the scope of what is required to adjudicate Plaintiff's petition and the pending motions.

For the foregoing reasons, the court hereby ADOPTS IN PART the Magistrate Judge's R & R as the court's Order and Opinion, and DISMISSES without prejudice

Plaintiff's petition for a writ of habeas corpus, GRANTS Defendant's motion for summary dismissal, and DENIES Plaintiff's motion to appoint counsel.
SO ORDERED.

Dated at Rutland, in the District of Vermont, this 31st day of January, 2013.

Christina Reiss, Chief Judge
United States District Court